# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Charles Allan Wallace, | Criminal No.: 5:14-cr-559-JMC |
| Petitioner, | |
| v. | |
| The United States of America, | **ORDER AND OPINION** |
| Respondent. | |

This matter before the court is review of Petitioner Charles Allan Wallace's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 308) and Amended and Supplemental Motion (ECF No. 321). The Government has moved to dismiss, or, in the alternative, moved for summary judgment against the Petitioner (ECF No. 361-1). The matter is ripe for disposition. For the reasons discussed below, the court **GRANTS** the Government's Motion to Dismiss (ECF No. 361) and **DISMISSES** Wallace's Motions (ECF Nos. 308, 321).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 23, 2015 Wallace pleaded guilty, pursuant to a written plea agreement, to counts one and three of his indictment: (Count I) "Conspiracy to Distribute Methamphetamine", in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A), 846 and (Count III) "Possession of a Firearm During a Drug Trafficking Offense", in violation of 18 U.S.C. § 924(c). (ECF No. 134 at 1.) Wallace was sentenced on September 22, 2015 to a term of one hundred fifty-one (151) months as to count one and sixty (60) months on count three, to run consecutively. (ECF No. 248.) Wallace did not appeal his sentence. On December 9, 2016, Wallace filed his initial motion (ECF No. 308) and on April 10, 2017, Wallace filed the instant Motion. (ECF No. 321). In his Motions, Wallace alleges that the Supreme Court's ruling in *Dean v. United States* reduces his sentence as to count

1

one. *See Dean v. United States*, 137 S. Ct. 1170 (2017). The Government has moved to dismiss Wallace's Motion on the grounds that it is (a) untimely, (b) procedurally defaulted, (c) *Dean* does not provide him any avenue for relief, and (d) Wallace waived his right to collaterally attack his sentence. (ECF No. 361.)

## II. STANDARD OF REVIEW

Defendants have a one-year limitation period in which to file a motion brought under 28 U.S.C.A. § 2255(f) (2019). Subject to specific exceptions, *see* § 2255 (f)(2)–(4), the period of limitation begins to run on "the date on which the judgment of conviction becomes final." § 2255(f)(1). In a case where there is no direct appeal, a defendant's conviction becomes final fourteen (14) days after the judgment is entered on the docket. *See* Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: ... the entry of either the judgment or the order being appealed."); *United States v. Osborne*, 452 F. App'x 294, 295 (4th Cir. 2001) ("Osborne was required to file his § 2255 motion within one year from the date on which his judgment of conviction became final by the conclusion of direct review or expiration of the time for seeking such review."). While district courts do recognize the applicability of equitable tolling, such tolling is only appropriate when a movant shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," which prevented timely filing. *United States v. Collins*, Cr. No. 3:09-1295-002-CMC, 2016 WL 4524221, at *2 (D.S.C. Aug. 29, 2016) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

## III. DISCUSSION

A. <u>Untimeliness</u>

The Government argues that Wallace's Petition is untimely and should be dismissed as such. Pursuant to § 2255(f)(1), Wallace's § 2255 Motion is subject to the one-year period of limitation, which starts on the date the judgment of conviction became final. The Judgment against Wallace was entered on October 1, 2015 (ECF No. 248), and Wallace did not file any direct appeal; therefore, Wallace's conviction became final on October 1, 2016. *See Whiteside v. United States*, 775 F.3d 180, 182 (4th Cir. 2014) ("The court entered judgment on July 20, 2010, and petitioner did not pursue a direct appeal. His conviction became final on August 3, 2010, when his time for appeal expired."); *Whitfield v. United States*, No. 7:16-CR-00010-BR, 2018 WL 2210441, at *3 (E.D.N.C. Apr. 12, 2018) ("Whitfield did not appeal his conviction or sentence in the required two-week period, making it final on August 19, 2016."). As such, to be filed in a timely manner, Wallace's § 2255 Motion was due no later than October 15, 2016. *See id*. Wallace did not file his Motion until December 9, 2016 (ECF No. 308), which was nearly three (3) months after the one-year period of limitation required by 28 U.S.C. § 2255(f).

Wallace offers no "extraordinary circumstance" that would justify tolling the one-year period of limitation. *See Collins*, 2016 WL 4524221, at *2 ("It is defendant's burden to show that 'some extraordinary circumstance stood in his way' in order to be entitled to the benefit of equitable tolling."). Thus, the court determines that this case does not constitute one of the rare occasions where equitable tolling is appropriate.

Accordingly, since Wallace filed his § 2255 Motion more than one (1) year after the judgment in his case became final, his Motion is untimely. See 28 U.S.C.A § 2255(f)(1).

B.  United States. v. Dean

Wallace alleges that the Supreme Court's ruling in *Dean v. United States* means that his sentence as to count one may be reduced. *See Dean v. United States*, 137 S. Ct. 1170 (2017). *Dean* stands generally to reaffirm a sentencing court's discretion in crafting a just and proportional sentence. *Dean v. United States*, 137 S. Ct. 1170 (2017). Specifically, it deals with the fact that a conviction under § 924(c) carries a mandatory minimum term, and that term must be imposed consecutive to the sentence imposed for the related, underlying offense. *Id.* at 1174. The *Dean* Court held that this mandatory consecutive provision, and its effect on a defendant's entire sentence, can be considered by the sentencing court when sentencing on the other count or counts. *Id.* at 1176. If the § 924(c) mandatory minimums—5 years for carrying a firearm, and 7 years if the firearm was brandished—are enough, in the sentencing court's view, to provide a just sentence, then the court has the discretion to vary the sentence for the predicate offenses. *Id.* at 1177. That sentence can be lowered down to one day, as an extreme example, as the § 924(c) sentence would still be consecutive to the underlying offense. *Id.*

*Dean*, therefore, merited relief because the sentencing judge, would have given him much lower sentences on some of his charges than indicated by the guidelines had he believed he had the discretion to do so. *Id.* at 1175. Several district courts in this Circuit have held that *Dean* does not apply retroactively to sentences attacked via § 2255. *See, e.g., United States v. Dean*, 2017 WL 6349834, at *2 (D. S.C. Dec. 13, 2017); *United States v. Adams*, 2017 WL 2829704, at *2 (W.D. Va. June 29, 2017); *Morban-Lopez v. United States*, 2017 WL 2682081 (W.D.N.C. June 21, 2017). Similarly, here, *Dean* does not apply retroactively, and Wallace's motion under § 2255 is denied.

## IV. CONCLUSION

Pursuant to the one-year period of limitation governing 28 U.S.C. § 2255 motions, Wallace's § 2255 Motions (ECF Nos. 308, 321) were not filed in a timely manner. Accordingly, the court **GRANTS** the Government's Motion to Dismiss Wallace's 28 U.S.C. § 2255 Motion (ECF No. 361) and **DISMISSES** Wallace's § 2255 Motions (ECF Nos. 308, 321) as untimely. Further, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C.A. § 2253(c) (2019). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See, e.g., Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **DENIES** Wallace a certificate of appealability.

    **IT IS SO ORDERED.**

*/s/ J. Michelle Childs*
United States District Judge

March 19, 2020
Columbia, South Carolina